**Opinion issued June 15, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00668-CR

———————————

## CHARLES LYNCH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 405th District Court
### Galveston County, Texas
### Trial Court Case No. 15-CR-3172

---

### MEMORANDUM OPINION ON REMAND

Charles Lynch was convicted for possession with intent to deliver between

4 and 200 grams of cocaine, for which he was sentenced to 45 years'

imprisonment.[1] *See* TEX. HEALTH & SAFETY CODE § 481.102(3)(D), 481.112(a), (d). On appeal, Lynch argues that the trial court abused its discretion by admitting two extraneous offenses in the form of penitentiary packets and by admitting testimony, which he alleges was hearsay, regarding who lived in the house where a search warrant was executed. On original submission, this Court reversed the judgment, holding that the trial court erred in admitting the extraneous offenses. *Lynch v. State*, No. 01-17-00668-CR, 612 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2020), *rev'd* No. PD-1089-20, 2022 WL 3640526, at *1 (Tex. Crim. App. Aug. 24, 2022). On petition for discretionary review, the Court of Criminal Appeals reversed, holding that the trial court did not abuse its discretion in admitting the extraneous offenses. *See Lynch v. State*, 2022 WL 3640526, at *8–9 (Tex. Crim. App. Aug. 24, 2022). The Court of Criminal Appeals remanded the appeal to this Court to consider Lynch's remaining issue: whether the trial court reversibly erred by admitting certain testimony. *Id.* at *9.

We conclude that the trial court did not abuse its discretion by admitting the testimony. We affirm the judgment of the trial court.

---

[1] Authorities found 7.8 grams of a rock-like substance in Lynch's home. At trial, a chemist testified that he tested 4.7 grams of the substance, concluding that it contained cocaine. The chemist did not test the remainder of the substance because the minimum quantity for a first-degree felony offense of possession with intent to deliver, 4 grams, had been established.

## Background

The case is before us on remand from the Court of Criminal Appeals. The factual and procedural backgrounds of the case are fully discussed in the prior opinions of this Court and the Court of Criminal Appeals. *See Lynch*, 2022 WL 3604526 at *1–4 (Court of Criminal Appeals); *Lynch*, 612 S.W.3d at 606–08 (court of appeals). We do not repeat them here.

## Hearsay

On remand, we consider whether the trial court erred in admitting testimony from Sergeant Gandy regarding who lived in the house where a search warrant was issued. Lynch argues that the testimony was inadmissible hearsay. The State argues that the testimony was not hearsay, and if it was hearsay, it was admissible under the rule of optional completeness. *See* TEX. R. EVID. 107. The State also argues that even assuming the admission was erroneous, it is not reversible error.

### A.    Relevant Testimony

Sergeant Gandy was the State's first witness. Among other topics, he testified about the surveillance he conducted on Lynch's house as a narcotics officer and about the day he executed a search warrant at the residence. When the search warrant was executed, Sergeant Gandy encountered four people in the house: Lynch, Tina Moreno, Norma Myers, and Phillip Darden. Everyone was interviewed separately. Sergeant Gandy testified that Lynch said that all four

people lived in the house and had access to it. Later, on cross-examination by Lynch's attorney, Sergeant Gandy was asked how many of the four people said that Lynch was the only person who lived in the house. Before Sergeant Gandy could answer, the following transpired:

Lynch's attorney: I'll make it easier for you. None of those people said Mr. Lynch is the only person that lived there; is that correct?

Sergeant Gandy    Correct.

Lynch's attorney: Okay, every one of those people that lived, that were in that home, said that Tina Moreno also lived in that home?

Sergeant Gandy:    Correct.

Outside the presence of the jury, Lynch's attorney requested to admit into evidence videotaped interviews with each of the four people. Sergeant Gandy watched all four videos during a break in his cross-examination. Lynch's attorney eventually offered only Moreno's interview into evidence, and it was admitted without objection.

On redirect examination, the State asked Sergeant Gandy who Lynch said lived in the house with him. Sergeant Gandy replied that Lynch said "everybody" lived in the house and "everybody had access to everything." The State next asked Sergeant Gandy who Norma Myers said lived in the house. Lynch's attorney objected based on hearsay. The State responded that there had been a misstatement

of the facts in evidence when Sergeant Gandy responded to Lynch's attorney's cross-examination that "everyone" said that Moreno and Lynch lived in the house. The State argued that each of the four people had a different answer when asked who lived in the house. The court overruled Lynch's hearsay objection, and Sergeant Gandy testified that Norma Myers told him that Moreno and Lynch lived in the house. Myers did not mention Phillip Darden.

The State then asked Sergeant Gandy who Phillip Darden said lived in the house. Lynch's attorney objected again, and the objection was overruled. Sergeant Gandy responded that Darden stated that Moreno, Myers, and Lynch lived in the house. Finally, Sergeant Gandy testified without objection that Moreno stated that she lived in the house with Lynch and had done so for a month. Sergeant Gandy testified that each of the four individuals had a different story about who lived in the house.

## B.    Standard of Review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion if the decision falls outside the zone of reasonable disagreement. *Id.* at 83. Before we may overrule a trial court's evidentiary decision, we must hold that the trial court's ruling was "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Id.* (quoting

*Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008)). We will uphold the trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling. *De la Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

**C.    Analysis**

Lynch argues that statements to Sergeant Gandy by Myers and Darden regarding who lived in the house were inadmissible hearsay. The State responds that the testimony was not offered for the truth of the matter asserted, and therefore, is not hearsay. The State contends that the testimony was offered to show that each of the four people had a different response to Sergeant Gandy when asked who lived in the house. We agree.

Hearsay is a statement, other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Thus, a statement not offered to prove the truth of the matter, but offered for some other reason, is not hearsay. *Guidry v. State,* 9 S.W.3d 133, 152 (Tex. Crim. App. 1999) (testimony regarding name and phone number in address book not hearsay because not offered to prove owner of phone number but offered as circumstantial evidence of conspiracy involving defendant). "An extrajudicial statement or writing which is offered for the purpose of showing *what* was said rather than for the *truth* of the matter stated therein does not constitute hearsay."

6

*Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995) (emphasis in original).

Statements by Myers and Darden to Sergeant Gandy regarding who lived in the house were not offered to prove the identity of the actual occupants of the house. The statements were offered to prove that each person, Lynch, Moreno, Myers, and Darden, gave Sergeant Gandy a different answer when he asked who lived in the house. The State did not assert that the statements were truthful, and their relevance does not turn on their accuracy. *See Humphrey v. State*, No. 01-08-00820-CR, 2012 WL 4739925, at *2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.) (mem. op., not designated for publication) (holding statements by officer during interview were not hearsay because offered to prove what officers said during interview to elicit responses from defendant). Thus, the extrajudicial statements were offered for the purpose of showing what was said, rather than for proving the truth of the matter, and they do not constitute hearsay. *Dinkins*, 894 S.W.2d at 347. We conclude that the trial court did not abuse its discretion in overruling Lynch's hearsay objections to the statements made by Myers and Darden to Sergeant Gandy.

Moreover, even assuming the statements were erroneously admitted hearsay, the error does not require reversal. The erroneous admission of evidence is non-constitutional error. TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93

(Tex. Crim. App. 2011). Non-constitutional error requires reversal only if it affects the appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Barshaw*, 342 S.W.3d at 93. "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. U.S.*, 328 U.S. 750, 776 (1946)). We will not overturn a criminal conviction for non-constitutional error if, after examining the record, we have fair assurance the error did not influence the jury or influenced the jury only slightly. *See Barshaw*, 342 S.W.3d at 93.

An examination of the entire record demonstrates that the complained-of testimony was unlikely to have influenced the jury's verdict. The jury was required to decide whether, beyond a reasonable doubt, Lynch intentionally and knowingly possessed cocaine with intent to deliver it. The ultimate dispute was between Lynch's culpability and Moreno's culpability. The complained-of statements from Darden and Myers to Sergeant Gandy neither enhanced Lynch's culpability nor weakened Moreno's culpability. Both Darden and Myers said that Lynch and Moreno lived in the house. The State did not focus on which of the four people should be believed over any other regarding who lived in the house. The focus at trial was on the physical evidence at the scene and challenging Moreno's credibility, since she changed her story several times. Even assuming the admission of the statements was erroneous, the error does not require reversal

8

because it did not have a substantial and injurious effect or influence on the jury's verdict. *Barshaw*, 342 S.W.3d at 93.

We overrule Lynch's hearsay issue.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Kelly, Rivas-Molloy, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).